■ ARLENE R. SILVERMAN, Appellant, v SHELDON SILVER et al., Respondents. [989 NYS2d 839]—Judgment, Supreme Court, New York County (Richard F. Braun, J.), entered September 26, 2012, dismissing the supplemental complaint following the grant of defendants' motion to dismiss, affirmed, without costs.

Tom, J.P., concurs in a separate memorandum as follows: I respectfully concur for reasons stated in my concurrence in *Larabee v Governor of the State of N.Y.* (— AD3d —, 2014 NY Slip Op 05246 [1st Dept 2014] [decided herewith]).

Sweeny and Renwick, JJ., concur in a separate memorandum by Sweeny, J., as follows: I respectfully concur for the reasons stated in my concurrence in *Larabee v Governor of the State of N.Y.* (— AD3d —, 2014 NY Slip Op 05246 [1st Dept 2014] [decided herewith]).

Andrias and Freedman, JJ., dissent in a memorandum by Freedman, J., as follows: I respectfully dissent and would reverse for the reasons I stated in *Larabee v Governor of the State of N.Y.* (— AD3d —, 2014 NY Slip Op 05246 [1st Dept 2014] [decided herewith]).

Plaintiff, a retired Justice of the Supreme Court, New York County, alleges that defendants violated the Separation of Powers Doctrine by failing to consider her claim for past judicial compensation on the merits, without regard to unrelated policy considerations, in violation of the Court of Appeals' determination in *Matter of Maron v Silver* (14 NY3d 230 [2010]). In dismissing the action, the motion court found that the legislature had considered the matter of judicial compensation. As in *Larabee,* I believe that the enactment of legislation empowering a judicial compensation commission to consider only prospective increases was inadequate to meet the State defendants' constitutional obligations.